**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY CUSTER and TROY WADE
CUSTER,

Defendants-Appellants.

Nos. 99-5052
&
99-5060
(D.C. No. 98-CR-133-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants and brothers Bobby and Troy Wade Custer appeal their convictions for possession of a controlled substance, methamphetamine, in violation of 21 U.S.C. § 844(a). We affirm.

Defendants were arrested by Bureau of Indian Affairs (BIA) officers after being detained outside Bobby Custer's van at the Cherokee Nation Bingo Outpost. Earlier in the evening, security cameras had recorded actions that the Outpost's security officers believed showed defendants, while in the van, using an illegal drug. BIA officers were called and arrived several hours later. They requested permission to search the van, but Bobby Custer refused. BIA officers believed they had probable cause to support a warrantless search and proceeded to do so. They discovered various items that could be utilized in using drugs as well as a baggie containing a substance later identified as methamphetamine.

In No. 99-5052, Bobby Custer argues his motion to suppress the evidence obtained during the search should have been granted. He contends that the BIA officers had no objective facts to support a determination that they had probable cause to conduct a warrantless search of his van.

On appeal from the denial of a motion to suppress, we consider the totality of the circumstances while reviewing the district court's findings of fact for clear error and viewing the evidence in the light most favorable to the government. See United States v. Gutierrez-Daniez, 131 F.3d 939, 940-41 (10th Cir. 1997).

We review the ultimate reasonableness of a seizure under the Fourth Amendment de novo.  See United States v. Anderson  , 114 F.3d 1059, 1063 (10th Cir. 1997). "[T]he credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom," are the province of the district court.  Id. (quotation omitted)

A warrantless search of a vehicle is valid where there is probable cause to believe that the vehicle contains contraband or other evidence which is subject to legal seizure.  See United States v. Ross  , 456 U.S. 798, 809 (1982)  . While some facts presented to support probable cause "must be outrightly dismissed as so innocent or susceptible to varying interpretations as to be innocuous,"      United States v. Lee , 73 F.3d 1034, 1039 (10th Cir. 1996), acts which appear facially innocent may, when taken together, create bona fide suspicions giving rise to probable cause,  see Illinois v. Gates  , 462 U.S. 213, 243 n.13 (1983);   see also United States v. Muniz-Melchor   , 894 F.2d 1430, 1438 (5th Cir. 1990) (facts in their interrelated context may reinforce each other, "so that the laminated total may indeed be greater than the sum of its parts")    . Further, "[i]f police have probable cause to search a car, they need not get a search warrant first even if they have time and opportunity."   United States v. Ludwig   , 10 F.3d 1523, 1528 (10th Cir. 1993).

At the hearing on the motion to suppress, the BIA officer testified that she believed she had probable cause to search the van based on her training and experience, the call from the Outpost's Chief of Security, the videotape, and her knowledge that drug dealing had been a problem in the Outpost's parking lot. These circumstances, viewed in their totality, were sufficient to establish probable cause for the search. See United States v. Arzaga, 9 F.3d 91, 94 (10th Cir. 1993) ("We have upheld the warrantless search of a vehicle where events preceding the search gave the officer probable cause to believe the [vehicle] contained illegal drugs.") (quotation omitted).

In No. 99-5060, Troy Custer's attorney has stated that he believes that his client's appeal is wholly frivolous. He therefore has filed both a motion to withdraw as attorney of record and a corresponding Anders[1] brief outlining Troy Custer's desired ground for appeal. An Anders brief must refer to "anything in the record that might arguably support the appeal." Id. Consistent with this requirement, counsel states that the only possible point of error concerns the district court's denial of Troy Custer's motion to suppress. Troy Custer maintains the motion should have been granted because he did have standing to object to the search of the van.

---

[1] Anders v. California, 386 U.S. 738, 744 (1967).

-4-

The issue of standing to contest a search or seizure is one of law which we review de novo. See United States v. Gama-Bastidas, 142 F.3d 1233, 1237 (10th Cir. 1998).

Fourth Amendment rights are personal and may not be asserted vicariously. See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978). The defendant must show that he had a legitimate expectation of privacy in the area searched, see Rawlings v. Kentucky, 448 U.S. 98, 104 (1980), by asserting either a possessory or a property interest, see Rakas, 439 U.S. at 148-89. Evidence will be suppressed only when the search violates a person's constitutional rights. See United States v. Eylicio-Montoya, 18 F.3d 845, 850 (10th Cir. 1994). "It is not enough that a person is aggrieved by the introduction of damaging evidence derived from the search." Id. (quotation omitted); see also Gama-Bastidas, 142 F.3d at 1239 ("A passenger [2] generally does not establish standing to contest the search of a vehicle merely because he was charged with a possessory crime.").

In determining whether a search has infringed upon the defendant's Fourth Amendment rights, the court must examine (1) whether the defendant "manifested a subjective expectation of privacy in the object of the challenged search," and (2)

---

2    Troy Custer was not a passenger in the vehicle at the time of the search. He was inside the Outpost when BIA officers arrived and was asked to come outside to provide the keys to the van. He remained outside the van during the search. The videotape showed he was inside the van during the period in which the suspicious activity occurred.

whether that expectation was objectively reasonable.     California v. Ciraolo   , 476 U.S. 207, 211-212 (1986).

Upon review of the record, we conclude Troy Custer does not have standing to contest the search.  He has not demonstrated that he had any legitimate possessory interest in or any lawful control over the vehicle or the evidence seized. [3]

The judgments of the United States District Court for the Northern District of Oklahoma are AFFIRMED.  Counsel's request in No. 99-5060 to withdraw as counsel is GRANTED.  Defendant Troy Custer's request for appointment of counsel is DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3]     In fact, at trial, Bobby Custer testified that the       methamphetamine   was his and that his brother did not know drugs were in the van.